## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAMON P. VINCENT,                          :     Civil No. 3:25-cv-2484
                                           :
      Petitioner                        :     (Judge Mariani)
                                           :
    v.                                 :
                                           :     **FILED**
                                           :     **SCRANTON**
WARDEN, USP-CANAAN,                        :
                                           :     MAR 1 0 2026
      Respondent                        :     PER _____ _JKC_____
                                                       DEPUTY CLERK

### MEMORANDUM

Petitioner Ramon Vincent ("Vincent") initiated the above-captioned action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Vincent alleges that the Federal Bureau of Prisons ("BOP") failed to apply Second Chance Act credits towards his home confinement or placement in a residential reentry center ("RRC"). (*Id.*). For the reasons that follow, the Court will dismiss the habeas petition without prejudice because Vincent has not properly exhausted his claims.

## I.  Background

### A.  Vincent's Criminal History

Vincent is serving a 48-month term of imprisonment imposed by the United States District Court for the Eastern District of Virginia for his conviction of being a felon in possession of a firearm. (Doc. 13-2, Declaration of BOP Case Manager Joseph Mushala ("Mushala Decl."), at 2 ¶ 3; Doc. 13-3, Public Information Inmate Data). According to BOP

documentation submitted by Respondent, Vincent's projected release date, via good conduct time, is December 14, 2026. (Doc. 13-2, Mushala Decl., at 2 ¶ 3; Doc. 13-3).

B.      Administrative Remedy History

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Vincent has not filed any administrative remedies. (Doc. 13-2, Mushala Decl. at 3 ¶ 5; Doc. 13-4, Administrative Remedy Generalized Retrieval).

C.      Facts Related to the Second Chance Act

On January 22, 2026, Vincent's Unit Team conducted an Individualized Needs Plan-Program Review. (Doc. 13-2, Mushala Decl. at 3 ¶¶ 6-7; Doc. 13-5, Individualized Needs Plan-Program Review). The Unit Team reviewed Vincent for prerelease placement under the five factors of the Second Chance Act of 2007, codified at 18 U.S.C. §§ 3621 and 3624.[1] (*Id.*). The Unit Team considered and evaluated the five factors as follows: (1) facility resources: yes; (2) offense: felon in possession of a firearm; (3) prisoner: N/A; (4) court statement: refer to Judgment and Commitment Order; and (5) sentencing commission: refer to Judgment and Commitment Order. (Doc. 13-5, at 4; *see also* 18 U.S.C. 3621(b)). The

---

[1]    The Second Chance Act states in pertinent part as follows:

The [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*See* 18 U.S.C. § 3624(c).

2

Unit Team noted that Vincent has pending criminal charges and is currently pending prosecution by the FBI for introduction of drugs into a federal facility. (Doc. 13-5, at 4). In accordance with BOP Program Statement 7310.04, "[i]nmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement[,]" shall not ordinarily participate in community corrections programs.[2] (Doc. 13-2, Mushala Decl. at 3 ¶ 7). As a result of the review, the Unit Team did not refer Vincent to a halfway house or home confinement. (*Id.*; Doc. 13-5).

D.    Claims Raised in the Habeas Petition

In his Section 2241 petition, Vincent alleges that the BOP failed to apply Second Chance Act credits towards his home confinement or placement in an RRC. (Doc. 1). Respondent contends that the Section 2241 petition must be dismissed because Vincent failed to exhaust his administrative remedies. (Doc. 13). Alternatively, Respondent argues that the petition must be denied because the Court lacks jurisdiction to hear Vincent's claims and because Vincent is not entitled to placement in an RRC. (*Id.*). Because the uncontroverted record confirms that Vincent has not exhausted his administrative remedies, the Court does not reach Respondent's alternative arguments.

---

[2]    U.S. Department of Justice, Federal Bureau of Prisons, Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedures, https://www.bop.gov/policy/progstat/7310_004.pdf (last visited March 9, 2026).

3

## II.    <u>Discussion</u>

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw*, 682 F.2d at 1052). Exhaustion is also excused when it would be futile. *See Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see also Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." *Wilson v. MVM, Inc.*, 475

4

F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

To exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the undisputed record reflects that Vincent has not filed a single administrative remedy while in BOP custody. (Doc. 13-4). Rather than comply with the Administrative Remedy process, Vincent entirely bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court.

5

Vincent has not identified any BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced any argument that would permit this Court to find that exhaustion of administrative remedies would subject him to irreparable injury. (*See* Doc. 1). Additionally, the fact that Vincent's sentence currently falls within the 12-month period that the BOP could place him in pretrial release is not a basis to excuse exhaustion.[3]

The Court finds that Vincent's claim must first be presented to BOP officials and fully exhausted. Because Vincent did not even attempt to exhaust his administrative remedies before petitioning this Court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed.

## III.    Conclusion

For the foregoing reasons, the Court will dismiss without prejudice the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March ___, 2026

---

[3]    The Court notes that the Second Chance Act does not entitle a federal inmate to any guaranteed placement in prerelease custody. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 244-51 (3d Cir. 2005) (holding, in exercising its discretion to make halfway house placement decisions, the BOP must consider the factors set forth in § 3621(b); "[h]owever, that the BOP may assign a prisoner to a CCC does not mean that it must").